Ramón Viñas Sorba, peticionario y apelante, Ex parte.

Núm. 9476.—*Sometido:* Junio 3, 1947. *Resuelto:* Junio 27, 1947.

*Otero Suro & Otero Suro,* abogados del apelante.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En 1934 el peticionario obtuvo la inscripción de la posesión del inmueble a que se refiere este caso. Transcurridos diez años desde dicha inscripción, compareció el peticionario ante la corte de distrito interesando la conversión de la posesión en dominio. Cumplidos todos los requisitos de ley, el caso quedó sometido para resolución a la corte apelada, la que dictó resolución al efecto de que "la corte con jurisdicción para conocer de este recurso es la Corte Municipal de San Juan (Artículo 393 de la Ley Hipotecaria y *Ex parte García,* 11 D.P.R. 533). Este Tribunal se declara sin jurisdicción para conocer de este caso, ordenando en su consecuencia, el sobreseimiento y archivo del mismo, sin perjuicio de que por el peticionario se tramite un nuevo expediente ante la mencionada corte municipal." No conforme con esta resolución, el peticionario apeló para ante este Tribunal alegando que "erró el tribunal inferior al declararse sin jurisdicción y al aplicar lo resuelto en *Ex parte García,* 11 D.P.R. 533."

██ De conformidad con los artículos 393 de la Ley Hipotecaria y 441 de su Reglamento, las cortes municipales tienen

jurisdicción exclusiva para entender en aquellos casos de conversión de posesión en dominio. El artículo 441 del Reglamento, enmendado por la Ley núm. 21 de 7 de julio de 1923 ((1) pág. 217), dispone:

"Los que tengan a su favor alguna inscripción de posesión y quieran hacer uso del beneficio que les concede el párrafo sexto del artículo 393 de la Ley, presentarán una instancia al juez municipal del lugar en que radique la finca . . . "

En el caso de autos, hubo una inscripción de posesión, la cual se trata ahora de convertir en dominio y se radicó instancia ante la corte de distrito a ese efecto. La corte *a quo* correctamente se declaró sin jurisdicción, aplicando el artículo 441, supra. No erró la corte al así hacerlo.

Se alega por el peticionario que la corte erró al aplicar lo resuelto en *Ex parte García,* supra. En ese caso los hechos son similares al de autos, pues hubo una inscripción de posesión que luego se trató de convertir en dominio radicándose instancia ante la Corte de Distrito de Mayagüez. Se resolvió, aplicando los artículos 393 y 441, supra, que dicha instancia debía radicarse ante la corte municipal y no en la de distrito. El caso por lo expuesto es de aplicación al de autos.

Alega, además, el peticionario, que el artículo 393 de la Ley Hipotecaria y 441 del Reglamento deben interpretarse conjuntamente con los artículos 389 y 390 de la Ley Hipotecaria y que al así hacerlo debe concluirse que la corte de distrito tiene jurisdicción para conocer de este recurso. No tiene razón el peticionario. Los artículos 393 de la Ley y 441 del Reglamento específicamente disponen el procedimiento a seguir en una conversión de posesión en dominio. Los artículos 389 y 390 se refieren y controlan los expedientes de posesión única y exclusivamente. El expediente de posesión y la conversión de posesión en dominio son dos procedimientos distintos uno del otro y por consecuencia no deben interpretarse conjuntamente los artículos antes citados.

*Debe confirmarse la resolución apelada.*